## THE STATE *v.* PEARCE.

If a man have criminal intercourse with a married woman, the offence is adultery and not fornication.

ERROR to the *Johnson* Circuit Court.

BLACKFORD, J.—Indictment against the defendant for living in open and notorious fornication with *Elizabeth Shaffer*. Plea, not guilty. On the trial, the defendant proved that he was

married to the woman named in the indictment. Witnesses were then offered, on the part of the state, to show that this woman had a husband living at the time the defendant married her, and that this fact was known to the defendant at the time of his marriage. This testimony was objected to, and the objection sustained. Verdict and judgment for the defendant. There is no error in these proceedings. The evidence rejected might have proved the defendant guilty of adultery, but it could not have proved him guilty of fornication. Jacob's Law Dic. Tit. Adultery. The question whether the defendant could be again tried, had the testimony been improperly rejected, need not be examined.

*Per Curiam.*—The judgment is affirmed with costs.

*Wick*, for the state.

*Fletcher* and *Brown*, for the defendant.

May Term,<br>1830.<br><br>THE STATE<br>v.<br>PEARCE.

(1) If a man be indicted as an accessary to a felony, and he be proved to be guilty as a principal, he must be acquitted, because the minor offence is merged in the greater. *R.* v. *Gordon*, 1 Leach, 515.—Arch. C. L. 449. So, if a man be indicted for a misdemeanor in burning his own house which was adjoining other houses, and it be proved that, in consequence of the burning of the defendant's house, the adjoining houses were burnt, the defendant must be acquitted; the misdemeanor being merged in the felony. *Isaac's case*, 2 Russ. on C. 1659.

END OF MAY TERM, 1830.